IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANIN A. MOORE, individually, and as Spouse, guardian and next friend of TIMOTHY L. MOORE, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| -vs- | )<br>)  Case No. CIV-24-0403-F |
| ONE UNNAMED VA NURSE, TWO UNNAMED VA POLICE OFFICERS, ONE UNNAMED VA SOCIAL WORKER, and CHRISTOPHER OLSEN, the VA's Case Manager, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **ORDER**

This action commenced on April 19, 2024 with plaintiff Shanin A. Moore, individually and as spouse, guardian, and next friend of Timothy L. Moore, filing a Complaint and Request for Injunction against defendant United States of America, ex rel. Department of Veterans Affairs.  On April 22, 2024, the court entered an order directing plaintiff to show cause in writing, by April 29, 2024, why her Complaint and Request for Injunction should not be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P.  The court explained that plaintiff's Complaint and Request for Injunction did not establish a waiver of sovereign immunity by the United States of America with respect to plaintiff's alleged claims.

Plaintiff responded to the show cause order and filed an Amended Complaint and Request for Injunction.  The United States of America was dropped as defendant

in the amended pleading. Plaintiff named as defendants, one unnamed VA nurse, two unnamed VA police officers, one unnamed VA social worker, and Christopher Olsen, the VA's case manager. Plaintiff appeared to seek relief against the individual defendants under 42 U.S.C. § 1983 for alleged deprivations of certain constitutional rights. With the filing of the Amended Complaint and Request for Injunction, the court entered an order on April 30, 2024 advising that the issues raised in plaintiff's Amended Complaint and Request for Injunction would be addressed in the due course of the proceedings.

The court is currently in receipt of plaintiff's Statement Noting the Death of Timothy L. Moore. Doc. no. 8. According to the statement, Timothy L. Moore died on May 1, 2024. In the amended pleading, plaintiff requests relief from the court in the form of domestication or registration of a state court guardianship order to "have effect over the individual staff members at the Oklahoma City VA Medical Center" and an injunction "grant[ing] Mrs. Moore access to visit her husband [Timothy L. Moore]; and if necessary to make decisions about his health care." Doc. no. 6, ECF p. 5.

With the death of Timothy L. Moore, the equitable relief sought by plaintiff appears to be moot.

Accordingly, plaintiff is **DIRECTED** to show cause by **May 13, 2024** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P., on the ground of mootness. *See*, Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1109 (10th Cir. 2010) ("[T]he existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."); Pecha by and through Pecha-Weber v. Lake, 700 Fed.Appx. 840, 844 (10th Cir. 2017) ("'[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . .

if unaccompanied by any *continuing*, present adverse effects.'") (quoting Jordan v. Sosa, 654 F.3d 1012, 1024 (10th Cir. 2011) (emphasis in original)).

Failure of plaintiff to comply with this order will result in the dismissal of this action without prejudice for either lack of subject-matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P., or for failure to comply with the court's order pursuant to Rule 41(b), Fed. R. Civ. P., or both.

DATED this 6th day of May, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0403p003.docx